UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Andre R. Levesque,

       Plaintiff,

            v.                                        Civil Action No. 1:14-cv-188

John and Jane Does of the Federal
Bureau of Prisons, John and Jane
Does of Northwest State Correctional
Facility, John and Jane Does of
Metropolitan Detention Center,
John and Jane Does of Metropolitan
Correctional Center, John and Jane
Does of Strafford County House of
Corrections, John and Jane Does of
U.S. Marshals Service,

       Defendants.

## OPINION AND ORDER
(Doc. 4)

Plaintiff Andre R. Levesque, proceeding *pro se*, brings this civil rights action against unnamed employees ("John and Jane Does") of the Federal Bureau of Prisons, Northwest State Correctional Facility ("NWSCF") Swanton, VT, Metropolitan Detention Center ("Brooklyn MDC"), Metropolitan Correctional Center ("Manhattan MDC"), Strafford County House of Corrections, and the U.S. Marshals Service. (Doc. 1.) Now pending before the Court is Mr. Levesque's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 4.)

**Factual and Procedural Background**

Mr. Levesque has been in federal custody on pretrial detention since May 6, 2014, when this Court ordered that Mr. Levesque be held on charges of stalking in violation of 18 U.S.C. § 2261A(2).  *See United States v. Levesque*, No. 2:14-cr-00062-wks (D. Vt. May 6, 2014), ECF No. 9.  The Court also granted the government's motion for a psychiatric examination.  *See id.*, ECF No. 17.  On August 4, 2014, Judge William K. Sessions III, issued an order committing Mr. Levesque to the custody of the Attorney General for additional observation and treatment upon a finding that Mr. Levesque is not competent to stand trial.  *See id.*, ECF No. 21.  A review of the Federal Bureau of Prisons' inmate locator system indicates that Mr. Levesque is currently incarcerated at the Brooklyn MDC.

Mr. Levesque filed the instant matter on July 24, 2014 in the Northern District of New York.  (Doc. 1 at 1.)  Mr. Levesque brings his claims pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment and First Amendment.  He alleges that Defendants have not accommodated his epidermolysis bullosa simplex skin condition, that he is "going to need physical therapy on [his] ankle due to walking funny," and that he was denied a wheel chair.  (*Id*. at 1–2.)  He alleges employees of the "Manhattan facility" (presumably Manhattan MDC) would not take photos of his skin condition, and "large chunks of skin have fallen off once again due to blatant discrimination."  (*Id*. at 2–3.)  He alleges that on the way to the Manhattan facility, U.S. Marshals Service employees "endangered" him, and once at the facility, he was "basically tortured" when Manhattan MDC employees "held [him] in a small room for 460 hours with a bright light

on" and denied him access to legal research materials.  (*Id*. at 1–2.)  He alleges that Defendants have caused pain and suffering, severe emotional distress, posttramatic stress disorder, and "such distress I'd like to eat their children literally[.]"  (*Id*. at 3.)  He also alleges that at three unspecified correctional facilities, "religion was forced" upon him by unspecified individuals.  (*Id*. at 2.)  As relief, he seeks $100 million.  (*Id*. at 3.)

On August 29, 2014, the Northern District of New York transferred this matter to this Court pursuant to 28 U.S.C. § 1406(a), citing improper venue, and in doing so, declined to rule upon Mr. Levesque's Motion to Proceed *In Forma Pauperis*.  (Doc. 7.)  Accordingly, I have reviewed the Complaint, as required by 28 U.S.C. § 1915.

## **Discussion**

Section 1915(a) requires a prisoner seeking leave to proceed *in forma pauperis* to submit "an affidavit that includes a statement of all assets such prisoner possesses" in order to determine whether the prisoner is "unable to pay."  28 U.S.C. § 1915(a)(1).  Additionally, a prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Mr. Levesque filed an affidavit which appears to make the requisite showing, but he has not provided a certified copy of any applicable prisoner trust fund account statements.  Accordingly, Mr. Levesque's application is insufficient on this ground alone.

Additionally, because Mr. Levesque is a prisoner, his Complaint is subject to the "three strikes" provision of 28 U.S.C. § 1915, which bars prisoners from proceeding *in forma pauperis* under the following circumstances:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner who has accumulated three strikes is not barred from bringing suit in federal court, but must pay the standard filing fee and effect service without the Court's assistance. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("Once three of an indigent prisoner's lawsuits have been dismissed . . . the prisoner must pay the standard filing fee if he wishes to file additional lawsuits."). A prisoner is defined as "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law[.]" 28 U.S.C. § 1915(h). Mr. Levesque is a "prisoner" under the statute, because he remains in pretrial detention on criminal charges in Docket No. 2:14-cr-00062-wks.

A review of Mr. Levesque's litigation history indicates that he has at least five strikes for purposes of § 1915(g) review. On July 30, 2012, Judge Norman A. Mordue of the Northern District of New York denied Mr. Levesque's motion to proceed *in forma pauperis* in a different matter upon concluding that Mr. Levesque already had accumulated the requisite "three strikes" barring him from acquiring *in forma pauperis* status. *Levesque v. United States Gov't*, No. 9:12-CV-0796 (NAM/DEP), slip op. at 12

4

(N.D.N.Y. July 30, 2012).[1]  Judge Mordue also concluded that irrespective of the three-strikes bar, the underlying complaint in that matter was, itself, frivolous and failed to state a claim on which relief could be granted.  *Id*. at 10.  On May 21, 2013, in yet another case, Judge Lawrence E. Kahn adopted a Report and Recommendation denying Mr. Levesque leave to proceed *in forma pauperis* on three-strikes grounds and concluding that the court lacked jurisdiction over the matter and the complaint failed to state a claim.  *Levesque v. State Farm Ins.*, No. 8:13-cv-00346-LEK-RFT (N.D.N.Y. Apr. 24), ECF No. 5, *adopted by* No. 8:13-cv-00346-LEK-RFT (N.D.N.Y. May 21, 2013), ECF No 6.

Because Mr. Levesque has more than three strikes, the remaining issue is whether his claims are entitled to the "imminent danger" exception.  Where a plaintiff proceeds *pro se*, the complaint should be liberally construed and interpreted "to raise the strongest arguments [it] suggest[s]."  *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted).  An "imminent danger" only exists if it is present at the time of filing the complaint.  *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002).  The Court also must evaluate "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury."  *Pettus*, 554 F.3d at 298–99.  The imminent danger exception does not apply

---

[1] The predicate cases underlying Judge Mordue's determination include: *Levesque v. South Carolina*, No. 1:10-CV-0049 (D.N.H. June 14, 2010) (adopting Report and Recommendation filed May 12, 2010 and dismissing prisoner rights action for failure to state a claim); *Levesque v. N.H. Supreme Court Office of Attorney Discipline*, No. 1:10-CV-0040 (D.N.H. May 12, 2010) (dismissing for failure to state a claim); and *Levesque v. Town of Ellenburg, N.Y.*, No. 1:09-CV-0430 (D.N.H. June 14, 2010) (adopting Report and Recommendation filed May 12, 2010 and dismissing prisoner rights action for failure to state a claim).

where "'claims of imminent danger are conclusory or ridiculous.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).

It is unclear from the face of the complaint whether the "imminent danger" exception applies to any of Mr. Levesque's claims. Where a prisoner alleges inadequate medical care and is subsequently transferred to a different facility, an imminent danger no longer exists with respect to that defendant. *Palmer v. New York State Dept. of Corr.*, 342 Fed. App'x 654, 656 (2d Cir. 2009). For this reason, any claims against unnamed employees of Manhattan MDC, NWSCF Swanton, VT, or Strafford County House of Corrections do not meet the "imminent danger" exception, because Mr. Levesque is no longer detained at any of those facilities. Likewise, the allegation that U.S. Marshals Service employees "endangered" Mr. Levesque during transport to the Manhattan MDC facility is conclusory and does not suggest a present imminent danger. Therefore, the Court can only consider allegations specific to the employees of the Brooklyn MDC facility, where Mr. Levesque currently is detained.

Any allegations that might be attributed to Brooklyn MDC employees are too vague or conclusory for me to discern whether Mr. Levesque presently is subject to imminent danger of serious bodily injury fairly traceable to unlawful conduct and whether a favorable judicial outcome might redress his alleged injuries. The Complaint generally alleges, "[e]ach facility has [a]dministrative discretion[,] and they blatantly discriminated against me at each facility and now I can't even get pain relief. Neither [the] Manhattan nor Brooklyn facility would address my disability, and now I am in pain

6

with serious bodily injury . . . ." (Doc. 1 at 2.)  "In Brooklyn[,] I was not allowed to draft legal briefs and treated differently than other inmates."  (*Id*.)  Mr. Levesque plainly alleges that he suffers from a painful skin condition, however the cause of the condition and the nature of the allegations against any Defendants employed by Brooklyn MDC are not clear.

Construing these allegations liberally, I cannot determine whether Mr. Levesque alleges that the onset or exacerbation of his skin condition is or was caused by a failure to provide adequate medical care on the part of Brooklyn MDC employees (as opposed to employees of the other facilities), whether Brooklyn MDC employees in particular are improperly denying him medical treatment and placing him in imminent danger of serious physical injury, or what specific medical treatment he requires.  *See, e.g.*, *Escalera v. Graham*, No. 08-cv-412 (GLS-GHL), 2008 WL 4200128, at *3 (N.D.N.Y. Sept. 8, 2008) ("Nor does having eczema constitute being in imminent danger of serious physical injury."); *Williams v. Louisiana*, No. 07-0602, 2007 WL 1747010, at *2 (E.D. La. May 7, 2007) (concluding that "painful skin condition" in conjunction with other ailments does not meet "imminent danger" standard).  Although Mr. Levesque alleges elsewhere in the Complaint that he "couldn't even get a wheelchair," it is not clear how the use of a wheelchair relates to his skin condition or whether the failure to provide a wheelchair is attributable to Brooklyn MDC employees.

## Conclusion

Accordingly, for the foregoing reasons, Mr. Levesque shall, within 30 days of the date of this Order, either: (1) pay the $400 filing fee and proceed on his Complaint against all named Defendants as it is currently drafted, or (2) if Mr. Levesque seeks to proceed *in forma pauperis*, an Amended Complaint must be filed detailing only those claims which are based upon an imminent danger of serious bodily injury, together with a certified copy of his prisoner trust fund account statement.  Failure to either pay the filing fee or file an Amended Complaint with the prisoner trust account statement may result in dismissal of all claims without prejudice.

Dated at Burlington, in the District of Vermont, this 16th day of September, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).