UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Andre R. Levesque,

       Plaintiff,

             v.                                         Civil Action No. 1:14-cv-188

John and Jane Does of the Federal
Bureau of Prisons; John and Jane
Does of Northwest State Correctional
Facility Swanton, VT; John and Jane
Does of Metropolitan Detention Center;
John and Jane Does of Metropolitan
Correctional Center; John and Jane
Does of Strafford County House of
Corrections; John and Jane Does of
U.S. Marshals Service,

       Defendants.

## REPORT AND RECOMMENDATION
(Doc. 4)

Plaintiff Andre R. Levesque, appearing *pro se*, brings this civil rights action against unnamed employees ("John and Jane Does") of the Federal Bureau of Prisons, Northwest State Correctional Facility Swanton, VT, Metropolitan Detention Center, Metropolitan Correctional Center, Strafford County House of Corrections, and the U.S. Marshals Service.  (Doc. 1.)  On August 29, 2014, the Northern District of New York transferred this matter to this Court pursuant to 28 U.S.C. § 1406(a), citing improper venue in that district.  (Doc. 7.)  Now pending before the Court is Mr. Levesque's Motion

to Proceed *In Forma Pauperis* (Doc. 4.)  For the reasons set forth below, I recommend that the Court DENY Mr. Levesque's Motion to Proceed *In Forma Pauperis* ("IFP") (Doc. 4) and that the case be DISMISSED WITHOUT PREJUDICE.

### Factual Background and Procedural History

Mr. Levesque has been in federal custody on pretrial detention since May 6, 2014, when this Court ordered that Mr. Levesque be held on charges of stalking in violation of 18 U.S.C. § 2261A(2).  *See United States v. Levesque*, No. 2:14-cr-00062-wks (D. Vt. May 6, 2014), ECF No. 9.  Mr. Levesque brings his claims in the pending matter pursuant to 42 U.S.C. § 1983, alleging that Defendants have not accommodated his epidermolysis bullosa simplex skin condition, that he is "going to need physical therapy on [his] ankle due to walking funny," and that he was denied a wheel chair. (Doc. 1 at 1–2.)  He alleges that Defendants have caused pain and suffering, severe emotional distress, PTSD, and "such distress I'd like to eat their children literally[.]"  (*Id.* at 3.)  He also alleges that at three unspecified correctional facilities, "religion was forced" upon him by unspecified individuals.  (*Id.* at 2.)  As relief, he seeks $100 million. (*Id.* at 3.)

I have reviewed Mr. Levesque's proposed Complaint, as required by 28 U.S.C. § 1915 and 1915A.  On September 16, 2014, an Opinion and Order was issued concluding that Mr. Levesque's Motion to Proceed IFP is subject to the "three strikes" provision of

28 U.S.C. § 1915(g).[1]  (Doc. 9.)  It was determined in the Opinion and Order that the majority of claims raised in the proposed Complaint did not allege sufficient facts to suggest that Mr. Levesque is or was in imminent danger of serious physical injury.  (Doc. 9 at 6.); *see also*, *Escalera v. Graham*, No. 08-cv-412 (GLS-GHL), 2008 WL 4200128, at *3 (N.D.N.Y. Sept. 8, 2008) ("Nor does having eczema constitute being in imminent danger of serious physical injury."); *Williams v. Louisiana*, No. 07-0602, 2007 WL 1747010, at *2 (E.D. La. May 7, 2007) (concluding that "painful skin condition" in conjunction with other ailments does not meet "imminent danger" standard).  As to some claims, their vague and conclusory nature precluded a finding of an allegation of imminent danger.  (Doc. 9 at 6.)

Accordingly, § 1915(g) bars Mr. Levesque from proceeding IFP, because he is a prisoner who has brought at least three prior actions in federal courts which were dismissed on grounds of frivolousness or failure to state a claim.  (Doc. 9.)  Accordingly,

---

[1]  On July 30, 2012, the Honorable Norman A. Mordue of the Northern District of New York denied Mr. Levesque's Motion to Proceed *In Forma Pauperis* in a different matter upon concluding that Mr. Levesque already had accumulated the requisite "three strikes" barring him from acquiring *in forma pauperis* status.  *Levesque v. United States Gov't*, No. 9:12-CV-0796 (NAM/DEP), slip op. at 12 (N.D.N.Y. July 30, 2012).  The predicate cases underlying Judge Mordue's determination include: *Levesque v. South Carolina*, No. 1:10-CV-0049 (D.N.H. June 14, 2010) (adopting Report and Recommendation filed May 12, 2010 and dismissing prisoner rights action for failure to state a claim); *Levesque v. N.H. Supreme Court Office of Attorney Discipline*, No. 1:10-CV-0040 (D.N.H. May 12, 2010) (dismissing for failure to state a claim); and *Levesque v. Town of Ellenburg, N.Y.*, No. 1:09-CV-0430 (D.N.H. June 14, 2010) (adopting Report and Recommendation filed May 12, 2010 and dismissing prisoner rights action for failure to state a claim).  Judge Mordue also concluded that irrespective of the three-strikes bar, the underlying complaint in that matter was, itself, frivolous and failed to state a claim on which relief could be granted.  *Id*. at 10.  On May 21, 2013, in yet another case, the Honorable Lawrence E. Kahn adopted a Report and Recommendation denying Mr. Levesque leave to proceed *in forma pauperis* on three-strikes grounds and concluding that the court lacked jurisdiction over the matter and the complaint failed to state a claim.  *Levesque v. State Farm Ins.*, No. 8:13-cv-00346-LEK-RFT (N.D.N.Y. April 24, 2013), ECF No. 5, *adopted by* No. 8:13-cv-00346-LEK-RFT (N.D.N.Y. May 21, 2013), ECF No 6.

Mr. Levesque was order either to: (1) pay the $400 filing fee and proceed on his Complaint against all named Defendants as it is currently drafted, or (2) file an Amended Complaint detailing only those claims which are based upon an imminent danger of serious bodily injury as further explained in the Opinion and Order.  (*Id*.)

On November 18, 2014, Mr. Levesque's Motion to Appoint Counsel (Doc. 13) was granted based upon his incompetency to stand trial for the time being in his pending criminal case.  (Doc. 15.)  Counsel was initially appointed on November 19, 2014 and replacement counsel entered an appearance on January 16, 2015.  (Doc. 18.)  The Court also granted Mr. Levesque an additional 30 days to comply with the Court's September 16, 2014 Order (*id*.), and later granted an additional extension of time allowing Mr. Levesque to comply on or before April 20, 2015.  (Doc. 23.)  A review of the docket indicates that Mr. Levesque has not complied with the September 16, 2014 Order, requiring him to either pay the required filing fee, or file an Amended Complaint, (together with a certified copy of his prisoner trust fund account statement,) that satisfies the standard set forth at 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, I recommend that the Court DENY Mr. Levesque's Motion to Proceed *In Forma Pauperis* (Doc. 4), pursuant to 28 U.S.C. § 1915(g), and that the case be DISMISSED WITHOUT PREJUDICE.

Dated at Burlington, in the District of Vermont, this 4th day of May, 2015.

/s/ John M. Conroy          
John M. Conroy
United States Magistrate Judge

4

5

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).