UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Andre Levesque,

      Plaintiff,

      v.                                                                    Civil No. 1:14-cv-188

John and Jane Doe(s), et al.,

      Defendants.

## REPORT AND RECOMMENDATION
(Docs. 31, 32)

On July 24, 2014, Plaintiff Andre Levesque commenced this action in the Northern District of New York against unnamed employees of the Federal Bureau of Prisons, the Northwest State Correctional Facility (a facility of the Vermont Department of Corrections), the Metropolitan Detention Center (a facility of the Federal Bureau of Prisons), the Strafford County House of Corrections (a facility located in Dover, New Hampshire) and the United States Marshals Service. (Doc.1.) Mr. Levesque brought his claims pursuant to 42 U.S.C. § 1983 in a 155-page complaint, alleging, among other claims, that Defendants have not accommodated his "Epidermolysis Bullosa Simplex" skin condition (*id.* at 1), that he "[will] need physical therapy on [his] ankle due to walking funny" (*id.* at 2), and that he was denied a wheel chair (*id.*). In August 2014, the case was transferred to this district by the Northern District of New York. (*See* Docs. 7, 8.)

On September 16, 2014, the Court issued an Opinion and Order denying Mr. Levesque's motion to proceed *in forma pauperis* under the "three strikes" provisions of 28 U.S.C. § 1915(g).  (Doc. 9.)  The Court also determined that the majority of Mr. Levesque's claims did not sufficiently alleged facts suggesting that Mr. Levesque was in imminent danger of serious physical injury.  (*Id.*)  Accordingly, the Court found that § 1915(g) barred Mr. Levesque from proceeding *in forma pauperis*, as he was a prisoner who had brought at least three prior actions in federal courts which were dismissed on grounds of frivolousness or failure to state a claim.  (*Id.*)  Mr. Levesque was ordered to either: (1) pay the $400 filing fee and proceed on his Complaint against all named Defendants as it was drafted, or (2) file an amended complaint detailing only those claims which were based on an imminent danger of serious bodily injury.  (*Id.* at 8.)  Mr. Levesque neither paid the filing fee nor filed an amended complaint.  Thus, on July 13, 2015, the case was closed by entry of judgment in favor of Defendants.  (Doc. 30.)  No direct appeal of the judgment was pursued.

While this case was pending, a Criminal Complaint had been filed against Mr. Levesque on May 5, 2014, charging him with stalking, in violation of 18 U.S.C. § 2261A(2).  (*See United States v. Levesque*, D. Vt. Crim. No. 2:14-cr-62-wks, Doc. 1.)  That case was resolved on June 1, 2015 by way of a plea of guilty, which had followed a finding of competency to stand trial.  (*Id.*, Docs. 30, 32.)  On March 7, 2016, Mr. Levesque was sentenced to imprisonment for a term of time served, to be followed by one year of supervised release with special conditions.  (*Id.*, Docs. 51, 52.)  Nine days later, a United States Probation Officer filed a petition alleging that

Mr. Levesque had violated the terms of his supervised release. (*Id.*, Doc. 54.) That matter is pending before Judge Sessions, and Mr. Levesque is presently the subject of a competency proceeding.

Pending before the Court in this matter is Mr. Levesque's "Motion for Emergency Relief" (Doc. 31) and "Emergency Motion to Compel Defendants to Produce . . . Legal Papers . . . [and] Waive Filing Fees" (Doc. 32). In these Motions, Mr. Levesque seeks the following: (1) to litigate his prior claims that have already been dismissed; (2) the production of documents purportedly held by authorities at a correctional facility located in Springfield, Missouri, where Mr. Levesque had been placed for a competency examination in the above-described criminal case; and (3) a waiver of filing fees. (*See* Docs. 31, 32.)

I recommend that the Court deny these Motions for lack of subject-matter jurisdiction. A district court does not indefinitely retain jurisdiction for all purposes after rendering judgment in a case. *Safeco Ins. Co. of America v. Lawrence Brunoli, Inc.*, No. 3:12-cv-1105 (MPS), 2015 WL 7760159, at *6 (D. Conn. Dec. 2, 2015). Rather, once a court enters an order of dismissal, it generally loses jurisdiction to further act in the case, except to the extent that it specifically retained jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). Here, jurisdiction has not been specifically retained and therefore the Court lacks subject-matter jurisdiction in this case. Mr. Levesque's Motions should therefore be DENIED.

4

Dated at Burlington, in the District of Vermont, this 29th day of April, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).