UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Andre Levesque,

    Plaintiff,

        v.                                     Civil No. 1:14-cv-188

John and Jane Doe(s), et al.,

    Defendants.

## REPORT AND RECOMMENDATION
(Docs. 38)

On July 24, 2014, Plaintiff Andre Levesque commenced this action in the Northern District of New York against unnamed employees of the Federal Bureau of Prisons, the Northwest State Correctional Facility (a facility of the Vermont Department of Corrections), the Metropolitan Detention Center (a facility of the Federal Bureau of Prisons), the Strafford County House of Corrections (a facility located in Dover, New Hampshire) and the United States Marshals Service.  (Doc. 1.)  Levesque brought his claims pursuant to 42 U.S.C. § 1983 in a 155-page complaint, alleging, among other claims, that Defendants in 2014 did not accommodate his "Epidermolysis Bullosa Simplex" skin condition (*id.* at 1), that he "[will] need physical therapy on [his] ankle due to walking funny" (*id.* at 2), and that he was denied a wheel chair (*id.*).  In August 2014, the case was transferred to this district by the Northern District of New York.  (*See* Docs. 7, 8.)

On September 16, 2014, the Court issued an Opinion and Order denying Mr. Levesque's motion to proceed *in forma pauperis* under the "three strikes" provisions of 28 U.S.C. § 1915(g).  (Doc. 9.)  The numerous frivolous civil actions filed by Levesque in the Northern District of New York were described therein.  (*Id*. at 4.)  The Court also determined that the majority of Mr. Levesque's claims did not sufficiently allege facts suggesting that Mr. Levesque was in imminent danger of serious physical injury.  (*Id.*)  Accordingly, the Court found that § 1915(g) barred Mr. Levesque from proceeding *in forma pauperis*, as he was a prisoner who had brought at least three prior actions in federal courts which were dismissed on grounds of frivolousness or failure to state a claim.  (*Id*.)  Mr. Levesque was ordered to either: (1) pay the filing fee and proceed on his Complaint against all named Defendants as it was drafted, or (2) file an amended complaint detailing only those claims which were based on an imminent danger of serious bodily injury.  (*Id*. at 8.)  Mr. Levesque neither paid the filing fee nor filed an amended complaint.  Thus, on July 13, 2015, the case was closed by entry of judgment in favor of Defendants.  (Doc. 30.)  No direct appeal of the judgment was pursued.

While this case was pending, a Criminal Complaint was filed on May 5, 2014, charging Levesque with stalking, in violation of 18 U.S.C. § 2261A (2).  (*See United States v. Levesque*, D. Vt. Crim. No. 2:14-cr-62-wks, Doc. 1.)  That case was resolved on June 1, 2015 by way of a plea of guilty, after a finding of competency to stand trial.  (*Id.*, Docs. 30, 32.)  On March 7, 2016, Mr. Levesque was sentenced to a time served sentence, together with a term of supervised release, and was released to commence his supervised release term.  (*Id.*, Docs. 51, 52.)  Nine days later, a United States Probation

Officer filed a petition alleging that Mr. Levesque had violated the terms of his supervised release. (*Id.*, Doc. 54.) On August 2, 2016, Levesque admitted to violating his supervised release term and was sentenced to seven months in prison with no further supervision to follow. (*Id.*, Doc. 63.)

After this civil action was dismissed, Levesque filed a "Motion for Emergency Relief" (Doc. 31) and an "Emergency Motion to Compel Defendants to Produce . . . Legal Papers . . . [and] Waive Filing Fees" (Doc. 32). In those Motions, Levesque sought: (1) to litigate his prior claims that had already been dismissed; (2) the production of documents purportedly held by authorities at a correctional facility located in Springfield, Missouri, where Levesque had been placed for a competency examination in the above-described criminal case; and (3) a waiver of filing fees. (*See* Docs. 31, 32.)

In a Report and Recommendation dated April 29, 2016 it was recommend that the Motions be denied for lack of subject matter jurisdiction. (Doc. 33.) Therein, it was noted that a district court does not indefinitely retain jurisdiction for all purposes after rendering judgment in a case. *Safeco Ins. Co. of America v. Brunoli*, No. 3:12-cv-1105 (MPS), 2015 WL 7760159, at *6 (D. Conn. Dec. 2, 2015). Rather, once a court enters an order of dismissal, a district court generally loses jurisdiction to further act in the case, except to the extent that it specifically retained jurisdiction. *Kokkomen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381–82 (1994). The Report and Recommendation noted that jurisdiction had not been retained. Accordingly, it was recommended that the motions be denied for lack of subject matter jurisdiction. The Report and Recommendation was adopted by this Court in an Order dated June 10, 2016 and the

pending motions were denied.  (Doc. 37.)

Presently before the Court is Levesque's Motion for an "Emergency Injunction, Re-Open the Case/ Waive Filing Fees and/or to Compel." (Doc. 38.) Therein, Levesque complains that in 2016, unnamed correctional staff at a Vermont facility where he had been held pending his supervised release violation failed to permit him to be transported with his medically authorized shoes.  (*Id*. at 1.)  He also appears to allege that a New Hampshire correctional facility "will not let me get appropriate footwear."  (*Id*. at 4.)

Nothing has changed since the Court's decision in June denying Levesque's earlier post-judgement motions.  As explained in the April 29, 2016 Report and Recommendation, this Court does not have subject matter over this case as it has been closed by a judgment, and jurisdiction was not been specifically retained.  It also bears noting that the motion itself brings new factual allegations, occurring in 2016 and temporally unrelated to the allegations set forth the original complaint, which described events occurring in 2014.  It also alleges certain constitutional violations occurring in New Hampshire and not in this judicial district.  Finally, the court's original conclusion that Levesque's lawsuit was subject to the "three strikes" provision of 28 U.S.C. § 1915(g) continues to apply with equal force today and Levesque presents no reason to revisit that conclusion.  For all of these reasons, I recommend that the court DENY the Plaintiff's Motion (Doc. 38) in all respects.

Dated at Burlington, in the District of Vermont, this 26th day of September, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).